UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON LEE BELTON, JR., | No. 2:15-cv-0883 KJM CKD P (TEMP) |
| Petitioner, | |
| v. | ORDER AND |
| WARDEN DAVIES, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition as second or successive or, in the alternative, as untimely.  Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

In his petition, petitioner challenges a judgment of conviction entered against him in 2009 by the Sacramento County Superior Court for first-degree robbery, first-degree burglary, felony assault, attempted sodomy with force, and two counts of felony rape.  The trial court sentenced petitioner to an indeterminate term of forty-six years and four months to life in state prison.  (Pet. at 2-3; Resp't's Lodged Docs. 1-2.)

On July 30, 2011, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction.  On October 12, 2011, the California Supreme Court denied review.

1

1  Petitioner unsuccessfully challenged his judgment of conviction in five post-conviction
2  proceedings in state court.  (Resp't's Lodged Docs. 2-14.)
3     On December 19, 2011, petitioner filed a federal petition for writ of habeas corpus
4  pursuant to 28 U.S.C. § 2254 in this court challenging his 2009 judgment of conviction.  See
5  Belton v. Gipson, No. 2:11-cv-3365 CKD P.[1]  On March 20, 2012, respondent filed an answer to
6  the petition, and on May 15, 2012, petitioner filed a traverse.  Id. (Doc. Nos. 13 & 24)  On March
7  26, 2013, the undersigned denied petitioner's habeas corpus claims on the merits and closed the
8  case.  Id. (Doc. No. 29)  The court entered judgment on the same day.  Id. (Doc. No. 30)  On
9  June 6, 2013, the undersigned denied petitioner's request for a certificate of appealability.  Id.
10  (Doc. No. 37)  On August 11, 2014, the United States Court of Appeals for the Ninth Circuit also
11  denied petitioner's request for a certificate of appealability.  Id. (Doc. No. 44)
12     On April 21, 2015, petitioner commenced this action by filing the pending petition for
13  writ of habeas corpus.  As noted above, he challenges his 2009 judgment of conviction once
14  more.  In this petition, petitioner asserts claims for ineffective assistance of trial counsel and
15  ineffective assistance of appellate counsel.  (Pet. at 5 & Attachs.)

16  **ANALYSIS**

17  "A claim presented in a second or successive habeas corpus application under section
18  2254 that was not presented in a prior application shall be dismissed. . . ."  28 U.S.C.
19  § 2244(b)(2).  This is the case unless,

20  > (A) the applicant shows that the claim relies on a new rule of
21  > constitutional law, made retroactive to cases on collateral review by
     > the Supreme Court, that was previously unavailable; or

22  > (B) (i) the factual predicate for the claim could not have been
     > discovered previously through the exercise of due diligence; and
23  > (ii) the facts underlying the claim, if proven and viewed in light of
     > the evidence as a whole, would be sufficient to establish by clear
24  > and convincing evidence that, but for constitutional error, no
     > reasonable factfinder would have found the applicant guilty of the
25  > underlying offense.

---

26  [1] Respondent has requested that the court take judicial notice of petitioner's prior federal habeas
27  action.  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
28  Accordingly, the court will grant respondent's request.

2

28 U.S.C. § 2244(b)(2). Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As detailed above, this court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same state court conviction and sentence that he now seeks to challenge in this federal habeas proceeding. See Belton v. Gipson, No. 2:11-cv-3365 CKD P. In that prior habeas action, this court addressed petitioner's claims on the merits and denied his petition for writ of habeas corpus. Id. As such, petitioner was required to obtain authorization from the Ninth Circuit before filing his pending petition in this court.

Petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider a second or successive petition as required to proceed with this habeas action, so this court lacks jurisdiction to entertain the now pending petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007). Accordingly, the undersigned will recommend that respondent's motion to dismiss be granted and the instant petition be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a second or successive federal habeas petition.[2]

**CONCLUSION**

IT IS HEREBY ORDERED that respondent's request for judicial notice (Doc. No. 9) is granted.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 9) be granted;

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition; and

3. This action be closed.

---

[2] In light of the findings and recommendations herein, recommending dismissal of the pending petition as second or successive, the court need not reach respondent's alternative argument that the petition is also time-barred by the applicable statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 11, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
belt0883.157